IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONNA EARLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | 3:03-CV–2960K |
| ARAMARK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION and ORDER

Before the Court is Defendant Aramark Corporation's ("Aramark") Motion for Summary Judgment. The Court **GRANTS** summary judgment for Aramark on Plaintiff Donna Earle's ("Earle") age discrimination claim because the insignificant age difference between Plaintiff and her replacement is insufficient to support a finding of discrimination, and because Earle has produced no evidence to rebut Aramark's legitimate, non-discriminatory reason for terminating her employment. The Court also **GRANTS** summary judgment for Aramark on Earle's gender discrimination claim because Earle has produced no evidence to rebut Aramark's legitimate, non-discriminatory reason for terminating her employment. The Court **GRANTS** summary judgment for Aramark on Earle's retaliation claims because Earle has produced no evidence of a causal link between her protected activity and her level of compensation or her termination from employment. The Court **GRANTS** summary judgment for

Aramark on Earle's sexual harassment claim because the complained-of activity was not so severe or pervasive as to affect a term or condition of Earle's employment.  The Court **GRANTS** summary judgment for Aramark on Earle's promissory estoppel claim because the agreement between the parties was covered by an express contract.  The Court **GRANTS** summary judgment for Aramark on Earle's quantum meruit claim because Aramark was not reasonably on notice that Earle expected to be paid a commission for sales that were not completed.  Finally, the Court **GRANTS** summary judgment for Aramark on Earle's fraud claim because Earle has presented no competent summary judgment evidence on any element of this claim.

## I.    Background

This is an employment dispute between Plaintiff Earle and Defendant Aramark. Earle filed her Original Complaint on December 11, 2003 alleging claims of age and sex discrimination, retaliation, quantum meruit, promissory estoppel, and fraud.  On September 1, 2004, Earle filed a Second Amended Complaint adding five new securities fraud causes of action.  This Court dismissed Earle's securities claims on February 28, 2005.

Earle worked for Aramark Refreshment Services from 1989 until 2003.  Earle worked as a Director of Business Development  from March 2000 until April 4, 2003. In her role as a Director of Business Development, Earle reported to  Vice President of Sales, David Vandenberg ("Vandenberg").

- 2 -

In November 2000, Paul Carolan ("Carolan") became a Regional Vice President who worked with the Directors of Business Development, including Earle, regarding sales. Earle alleges that Carolan sexually harassed her based on his conduct and various comments that he made. On October 31, 2002, Earle met with Regional Human Resource Director, Patricia Lamont ("Lamont") to discuss her sexual harassment and discrimination complaints. On April 4, 2003, Vandenberg and Vice President of Human Resources, David Kahn ("Kahn"), made the decision to terminate Earle's employment with Aramark. Earle had not discussed her sexual harassment and discrimination complaints with Vandenberg or Kahn. On September 5, 2003, Earle filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging age and gender discrimination and retaliation.

## II.    Legal Standard

### A.    Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment

should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id*. at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986).  All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### B.    Age and Gender Discrimination Law

Plaintiff Earle seeks relief for age discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA").  Earle also seeks relief for gender discrimination and retaliation under Title VII and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code, § 21.001, *et seq.* Although these statutes authorize separate causes of action, the evidentiary framework to make out a claim for relief under each of them is the same.  *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, *312* (5th Cir. 2004) (Title VII and the ADEA); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n. 2 (5th Cir. 1999) (Title VII and the TCHRA).

To survive a defendant's motion for summary judgment, a plaintiff must present sufficient evidence to create a fact issue regarding age and gender discrimination or retaliation, either through direct or circumstantial evidence.  A plaintiff who offers sufficient direct evidence of intentional discrimination should prevail, just as in any other

case where a plaintiff meets his burden.  *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 40 (5th Cir.1996) (citing *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328 n. 6 (5th Cir.1994)).   Direct evidence is evidence which, if believed, proves the fact without inference or presumption.  *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).   If direct evidence is unavailable, the plaintiff may create an inference of discrimination or retaliation by using the modified McDonnell Douglas burden-shifting framework.  *See Rachid v. Jack in the Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004).   Because Earle does not present direct evidence of discrimination or retaliation in this case, the court will apply the McDonnell Douglas burden-shifting framework.

## III.   Earle's Discrimination Claims

### A.   Age Discrimination

Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination.  To establish a prima facie case for age discrimination, Earle must show that (1) she was discharged; (2) she was qualified for the position; (3) she was within the protected class at the time of discharge; and (4) she was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of her age.  *See Rachid*, 376 F.3d 309.  Earle has failed to establish a prima facie claim for age discrimination in this case because her replacement, Tom Schula ("Schula"), was insignificantly younger than Earle.  An insignificant age difference will not support a prima facie claim for age discrimination.  *O'Connor v. Consolidated Coin*

- 5 -

*Caterers Corp.*, 517 U.S. 308, 312-13 (1996).  This Court finds that the age difference between Schula, age 40, and Earle, age 44, fails to support an inference of age discrimination.  *See Rachid*, 376 F.3d at 313 (stating that an age difference of five years is a "close question"); *See Grosjean v. First Energy Corp.*, 349 F.3d 332, 336-40 (6th Cir. 2003) (holding that an age difference of six years or less is not significant).  Because Earle has failed to establish a prima facie case, the Court **GRANTS** summary judgment for Aramark on Earle's age discrimination claim.  Even if Earle's evidence supported a prima facie case, however, Aramark is still entitled to summary judgment because Earle has produced no evidence to rebut Aramark's legitimate, non-discriminatory reason for terminating her employment, as discussed in Section III. C. of this Opinion.

### B.  Gender Discrimination

To establish a prima facie case for gender discrimination, Earle must show that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside her protected class, or similarly-situated employees outside her protected class were treated more favorably under circumstances nearly identical to hers.  *See Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 881 (5th Cir. 2003); *Waggoner v. Garland*, 987 F.2d 1160, 1163-64 (5th Cir.1993).  For purposes of Aramark's summary judgment motion, the Court assumes without deciding that Earle has stated a prima facie case for gender discrimination based on her termination from employment.  Earle's additional claims

- 6 -

based on (1) alleged harms that are not ultimate employment decisions, and (2) disparate treatment based on unequal pay, fail to establish a prima facie case for gender discrimination.

### 1. Gender Discrimination Based on Alleged Harms That Are Not Ultimate Employment Decisions

Because Title VII was designed to address ultimate employment decisions, Earle's claims for gender discrimination fail to the extent that they rely on harms having only a tangential effect on those ultimate decisions. See *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995). Earle bases her gender discrimination claim, in part, on the following alleged harms that do not amount to adverse employment decisions: (1) she was denied the same level of administrative support as her male peers, (2) she was denied the same degree of access to training and leadership courses as her male peers, (3) she was denied the same mentoring and training opportunities as her male peers, (4) she was subject to the career management program for low performance, and (5) employment resources were specifically withheld from her. Because these alleged harms do not amount to adverse employment decisions, Earle's gender discrimination claims, based on these harms, fail as a matter of law. See *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707-08 (5th Cir. 1997) (holding that verbal threats of discharge, reprimands, and missed pay increases were not adverse employment decisions); *Dollis*, 77 F.3d at 779-80 (holding

that refused consideration for promotion and refused admittance to a training conference were not ultimate employment decisions).

### 2.      Gender Discrimination Based on Unequal Pay

Earle's gender discrimination claim for disparate treatment based on unequal pay fails as a matter of law because Earle's evidence is insufficient to establish a prima facie case.  Earle alleges that she was paid well below her male counter-parts.  In support of her claim, Earle presents summary charts showing the gender and salaries of the fourteen Directors of Business Development for regional sales .  Even if Earle's statistical evidence could be used to establish her prima facie case, this Court finds that Earle's evidence fails to create a genuine fact issue that Aramark intentionally discriminated based on gender. See *Plemer v. Parson-Gilbane*, 713 F.2d 1127, 1135-36 (5th Cir. 1983) (questioning whether statistics can suffice to establish a prima facie case in a classic unequal pay for equal work claim).  Earle's evidence shows that she was paid more than one male Director, and that all but one male made less than other female Directors.  Earle's evidence further shows that she was paid less than all other female Directors.  This evidence fails to create a genuine fact issue that Aramark intentionally discriminated against women, and Earle's discrimination claim for disparate treatment based on unequal pay fails as a matter of law.  *See id*. at 1135 (stating that the plaintiff has the burden of proving an employer's intent to discriminate in a disparate treatment case).

- 8 -

### 3.     Gender Discrimination Based on Termination

For purposes of Aramark's summary judgment motion, the Court assumes without deciding that Earle has stated a prima facie case for gender discrimination based on her termination from employment, and reviews Earle's claim under the modified McDonnell Douglas approach.  *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

### C.     Aramark's Legitimate, Nondiscriminatory Reason for Terminating Earle

Under the McDonnell Douglas approach, once a prima facie case has been alleged, Aramark must articulate a legitimate, non-discriminatory reason for its decision to terminate Earle.  If Aramark meets its burden of production, then Earle must offer sufficient evidence to create a genuine issue of material fact either (1) that Aramark's reason is merely a pretext for discrimination; or (2) that Aramark's decision to terminate Earle was also motivated by discrimination.  If Earle demonstrates that discrimination was a motivating factor in the employment decision, it then falls to Aramark to prove that the same adverse employment decision would have been made regardless of the discriminatory or retaliatory animus.  *See Rachid*, 376 F.3d at 312.

In this case, Aramark offered proof that it discharged Earle because she failed to adequately learn and perform the core aspects of her job as a Director of Business Development.  Aramark provided further evidence that Earle received an overall evaluation of "Needs Improvement" for the 2002 fiscal year, and that Earle failed to

achieve all of the objectives listed in her career development plan prior to her termination.  To survive summary judgment, Earle must now offer sufficient evidence creating a genuine fact issue that Aramark's nondiscriminatory reason for terminating Earle was merely a pretext for discrimination, or that discrimination was a motivating factor in Aramark's decision to terminate Earle.

### 1.    Pretext

The burden now shifts back to Earle to produce evidence that would be sufficient to persuade a jury that Aramark's legitimate, nondiscriminatory reason is a pretext for discrimination against her.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).  Earle must offer proof that Arkmark's decision to terminate her was more likely motivated by discrimination, or that Aramark's articulated reason is "unworthy of credence."  *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Wallace v. Methodist Hosp. System*, 271 F.3d 212, 220 (5th Cir. 2001).  Once a case reaches the pretext stage, the inference of discrimination ends, leaving only the ultimate issue of whether there is a conflict in substantial evidence sufficient to create a fact issue regarding discrimination.  *Long v. Eastfield College*, 88 F.3d 300, 308 (5th Cir. 1996).

Earle claims that Aramark's proffered reason for her termination is a pretext for age and gender discrimination.  Earl bases her argument on (1) the "suspicious timing" of her termination in relation to her complaints for sexual harassment, and (2)

statements of Defendants' agents evidencing a discriminatory animus.  Earle's evidence supporting these arguments, however, fails to create a fact issue regarding discrimination.

Earle's discharge was not close enough in time to her sexual harassment complaint to support an inference that Aramark's reason for terminating her was a pretext for retaliation or discrimination.  Although an inference of proximate causation may be drawn when an adverse employment action closely follows a plaintiff's protected conduct, the temporal proximity must be "very close."  *Clark Co. School Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (citing *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (finding a three month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-75 (7th Cir. 1992) (finding a four month period insufficient)).  In this case, Earle was terminated more than five months after she met with Human Resource Representative Patricia Lamont to discuss her complaints.  The temporal proximity of Earle's complaint in relation to her termination is not close enough to support an inference of pretext.  *See id*.  Earle has also failed to identify any statements made by Aramark evidencing a discriminatory animus.  Earle simply asserts that such statements were made.  This type of unsupported allegation is insufficient to create a fact issue for trial.  *Celotex*, 477 U.S. at 322-25.  Because Earle has produced no evidence showing that that Aramark's articulated reason is "unworthy of credence," she has failed to show that her termination was a pretext for discrimination  *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

2.      **Mixed-Motive**

Earle can also survive summary judgment by producing evidence that discrimination was a motivating factor in Aramark's decision to terminate her.  Under a mixed motive theory, Earle must produce some evidence, direct or circumstantial, of a discriminatory motivating factor in order to avoid summary judgment.  *See Rachid*, 376 F.3d at 312.  In this case, Earle has produced no evidence raising a fact question that Aramark's reason, while true, is only one of the reasons for its conduct and that discrimination was a motivating factor.   In fact, Earle admits that neither of the individuals who decided to terminate her employment, Mr. Kahn and Mr. Vandenberg, harbored any age or gender bias toward her.   Earle provides no other evidence of Aramark's discriminatory intent, other than her conclusory statements and subjective belief, which is insufficient to rebut Aramark's legitimate, nondiscriminatory reason for its actions.  *See Vance v. Union Planters Corp.*, 209 F.3d 438, 444 (5th Cir. 2000).

Based on Earle's lack of summary judgment evidence, the Court concludes that Plaintiff has failed to create a genuine issue of material fact either (1) that Aramark's reason for terminating Earle is a pretext for discrimination or (2) that Aramark's decision to terminate Earle was also motivated by age or gender discrimination or retaliatory animus.  Because Earle has produced no evidence to rebut Aramark's legitimate, non-discriminatory reason for terminating her employment, the Court **GRANTS** summary

judgment for Aramark on Earle's claims for discharge based on age and gender discrimination.

## IV.   Earle's Retaliation Claims

As with a claim of age and gender discrimination, the Court also applies the modified McDonnell Douglas burden shifting framework to Earle's claims for retaliation. *See Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1121-22 (5th Cir.1998).   To establish a prima facie case of retaliation, Earle must show that (1) she engaged in activity protected by Title VII, (2) an adverse employment action occurred, and (3) a causal link exists between the protected activity and the adverse action.   *See Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002).   Earle  has failed to state a prima facie retaliation claim in this case because she has produced no evidence showing a causal link between her alleged protected activity and the adverse employment actions.

The "causal link" element of a prima facie retaliation claim does not does not rise to the level of a "but for" standard, and Earle need not prove that the protected activity was the sole factor that determined (1) her level of compensation, or (2) her termination from employment.   *See id*.   In order to survive summary judgment, however, Earle must produce some evidence that the adverse employment decisions were not wholly unrelated to the protected activity.   *See Medina v. Ramsey Steel, Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001).   In this case, Earle has produced no evidence showing that Mr. Kahn, Mr. Vandenberg, or any other relevant decision makers exhibited hostile attitudes toward,

or even had knowledge of the complaints that she made to Aramark.  Without such evidence, Earle cannot raise a fact issue about the causal link between her complaints and (1) her level of compensation, or (2) Aramark's decision to terminate her employment. Because Earle has failed to produce any evidence on this essential element of her case, the Court **GRANTS** summary judgment for Aramark on Earle's retaliation claims.

## V.    Earle's Sexual Harassment Claim

Defendant Aramark argues that Earle's sexual harassment claims are barred because she failed to timely file a charge of discrimination with the EEOC.  In Texas, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the alleged discriminatory conduct.  *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).  In this case, the Parties dispute whether any of the complained-of conduct occurred within the actionable period.  For the purposes of Aramark's summary judgment motion, the Court assumes, without deciding, that Plaintiff's claim is not time barred.

To establish a prima facie hostile work environment claim, Earle must show that (1) she belongs to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action.  *See Septimus v. Univ. of Houston*, 399 F.3d 601 (5th Cir. 2005).  In this case, Earle fails to establish a prima facie claim

because the complained-of conduct was not severe or pervasive enough to affect a term, condition, or privilege of her employment.

In order to be actionable under Title VII, sexual harassment must be "sufficiently severe or pervasive to alter the terms and conditions of the victim's employment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (citation omitted).  Simple teasing, offhand comments, isolated incidents, and gender related jokes, unless extremely serious, will not amount to discriminatory changes in the terms and conditions of employment.  *Faragher v. City of Boca Raton*, 524 U.S. 775, 777-78 (1998).  In this case, the complained-of conduct was not sufficiently sever or pervasive to be actionable under Title VII.

Earle argues that Aramark, primarily through the actions of Regional Vice President, Paul Carolan, created a sexually hostile work environment.  Earle makes the following allegations in support of her argument: (1) Carolan commented to groups of coworkers about his physique, how much he exercised, that women commented on his fitness, and that women "have more power over men than they realize;" (2) Carolan stated that he comes running whenever his wife calls his name in a certain voice; (3) Carolan related a story to colleagues (including Earle) about a female in the regional office who called Carolan "sweet meats;" (4) Carolan teased Earle on at least two occasions about whether she had found a "boyfriend" within the company; (5) Carolan commented, on less than five occasions, that Earle looked great for someone her age and

that she should use her appearance to benefit her sales abilities; (6) Carolan told the Plaintiff to retrieve t-shirts from the front of the room at a charity golf event; and (7) Carolan commented "This is how it's done" to two male employees when he told Earle to make a last minute phone call, requesting a colleague's attendance at a site tour.

The Court finds that the preceding allegations are not actionable because they are not so severe or pervasive as to affect a "term, condition or privilege" of employment. Sexually objectionable conduct must be extreme in order to be actionable. 524 U.S. at 788. The conduct described by Earle is not extreme and does not rise above "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Id*.

Earle further alleges that (1) she witnessed Richard Wycoff, former President of Aramark Refreshment Services, invite a subordinate female employee to his hotel room on a business trip; (2) she witnessed an Aramark Regional Vice President send a "condom drink" to a female employee; and (3) several Aramark employees engaged in extramarital affairs with other employees. None of these alleged actions were directed toward Earle, however, and she has failed to show how any of these incidents affected her conditions of employment. Because Earle only alleges isolated incidents that do not amount to actionable harassment, her sexual harassment claim fails as a matter of law. *See id.* The Court therefore **GRANTS** summary judgment for Aramark on Earle's sexual harassment claim.

## VI.    Earle's Claims for Promissory Estoppel, Quantum Meruit, and Fraud

Earle alleges common law claims for promissory estoppel, quantum meruit, and fraud, arguing that she is entitled to receive a commission for the work she performed during her final week of employment.  During her employment with Aramark, Earle received commissions on completed sales in addition to her base salary.  Earle's commissions were governed by a written agreement, the Fiscal 2001 Sales Compensation Plan (the "Compensation Plan"), which applied to all Directors of Business Development.  Earl bases her common law claims on the termination letter she received from Kahn on April 4, 2003, which states:

> Please note that we have identified and will use an effective date of termination of 4/11/03 as outlined in the severance document provided to you.  This was done to afford you the opportunity to potentially complete the sales process with any pending busienss such as the FAA in the hopes that you would then be eligible to receive the commission payment associated with this or other sales proposals.

### A.    Promissory Estoppel

Earle claims that Aramark should be estopped from denying its alleged promise to pay her commissions for the work she performed during her final week of employment.  Earle is precluded from bringing this claim, however, because her sales commissions were governed by an enforceable contract.  A claim of promissory estoppel cannot replace an enforceable contract. *Superior Laminate & Supply, Inc. v. Formica Corp.*, 93 S.W.3d 445, 449 (Tex. App. – Houston [14 Dist.] 2002, pet. denied) (citing *Vogel*

*v. Travelers Indem. Co.*, 966 S.W.2d 748, 754 (Tex. App. – San Antonio 1998, no pet.)). In this case, the Compensation Plan governed the payment of commissions to all Directors of Business Development, including Earle.  Because Earle cannot raise a claim of promissory estoppel to replace the terms of the Compensation Plan, the Court **GRANTS** summary judgment for Aramark on Earle's promissory estoppel claim. *See* 93 S.W.3d at 449.

####    B.     Quantum Meruit

Earle also claims that she is entitled to commissions for her final week of employment based on a quantum meruit theory of recovery.  As with promissory estoppel, a plaintiff is generally precluded from recovering in quantum meruit when an express contract governs the terms of an agreement.  *Murray v. Crest Constr., Inc.*, 900 S.W.2d 342, 345 (Tex.1995).  An exception to this principle sometimes exits, however, when a plaintiff has partially performed on an express, unilateral contract.  *Truly v. Austin*, 744 S.W.2d 934, 937 (Tex. 1988).  Assuming, without deciding, that an exception exists in this case, the Court finds that Earle has failed to establish a prima facie case for recovery in quantum meruit.

In order to recover in quantum meruit, Earle must establish that (1) she furnished valuable services to Aramark, (2) which were accepted by Aramark, (3) under circumstances reasonably notifying Aramark that she expected to be paid.  *See Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992).  Earle has failed to

state a prima facie claim in this case because Aramark was not on notice that she expected a commission for sales that were not completed.  Earle's termination letter stated that she would "be eligible to receive the commission payments" on any pending sales proposal, if she "complete[d] the sales process" by April 11, 2003.  The Compensation Plan provides that commissions are earned upon the completion of an operating agreement between Aramark and a client.  It is undisputed that Earle did not complete the sales process for any of the pending sales proposals, under the terms of the Compensation Plan, and she has provided this Court with no evidence that Aramark expected to pay her a commission for sales that were not completed.  Because Earle's termination letter specifically stated that she would receive a commission only if she "complete[d] the sales process," the Court concludes that Aramark was not on notice that Earle expected to receive a commission for sales that were not completed.  Because Earle has failed to state a prima facie case for recovery in quantum meruit, the Court **GRANTS** summary judgment for Aramark on Earle's quantum meruit claim.

### C.    Fraud

Finally, Earle alleges that Aramark fraudulently promised to pay her commissions for sales that she closed during her final week of employment.  In order to state a prima facie claim for fraud, Earle must establish that (1) Aramark made a material misrepresentation that was false, (2) Aramark knew the misrepresentation was false, or made it recklessly without any knowledge of its truth, (3) Aramark intended to induce

Earle to act upon the representation, and (4) Earle actually and justifiably relied upon the representation and suffered injury. *Trenhome v. Ratcliff*, 646 S.W.2d 927, 930 (1983). Because Earle has presented no competent summary judgment evidence on any element of this claim, Court **GRANTS** summary judgment for Aramark on Earle's fraud claim.

## VII.   Conclusion

The Court **GRANTS** summary judgment for Aramark on Earle's age discrimination claim because the insignificant age difference between Plaintiff and her replacement is insufficient to support a finding of discrimination, and because Earle has produced no evidence to rebut Aramark's legitimate, non-discriminatory reason for terminating her employment. The Court also **GRANTS** summary judgment for Aramark on Earle's gender discrimination claim because Earle has produced no evidence to rebut Aramark's legitimate, non-discriminatory reason for terminating her employment. The Court **GRANTS** summary judgment for Aramark on Earle's retaliation claims because Earle has produced no evidence of a causal link between her protected activity and her level of compensation or her termination from employment. The Court **GRANTS** summary judgment for Aramark on Earle's sexual harassment claim because the complained-of activity was not so severe or pervasive as to affect a term or condition of Earle's employment. The Court **GRANTS** summary judgment for Aramark on Earle's promissory estoppel claim because the agreement between the parties was covered by an

express contract.   The Court **GRANTS** summary judgment for Aramark on Earle's

quantum meruit claim because Aramark was not reasonably on notice that Earle expected

to be paid a commission for sales that were not completed.   Finally, the Court **GRANTS**

summary judgment for Aramark on Earle's fraud claim because Earle has presented no

competent summary judgment evidence on any element of this claim.

**SO ORDERED.**

Signed March  _29th_ , 2006.

 s/Ed Kinkeade
ED KINKEADE
UNITED STATES DISTRICT JUDGE